IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00644–WYD–KMT

WYATT T. HANDY, JR.,

     Plaintiff,

v.

DR. COHEN, individual and official capacity,
ELAINE MEYER, individual and official capacity, and
DR. R. FISH, individual and official capacity,

     Defendants.

---

## ORDER

---

This matter is before the court on Plaintiff's "Motion for An [sic] Court Appointed Expert." (Doc. No. 13, filed April 13, 2011.) Plaintiff seeks appointment of an expert in ophthalmology. In this suit, Plaintiff alleges that he has a degenerative eye disorder and that Defendants' intentional delay in treatment caused him significant pain and suffering, mental anguish and emotional distress and caused the disorder to degenerate more rapidly. He states that an expert in ophthalmology could provide affidavits, evidence and testimony at trial that "would help the fact finder better understand the facts related to the treatment of the disease and the effects when the diseased is left untreated." (*Id.* at 1-2.)

Plaintiff is proceeding *in forma pauperis* pursuant to 28 U.S.C. § 1915 in a prisoner's civil rights suit. Plaintiff has several other cases pending in this district and he recently filed a

nearly identical request for an expert in another of his cases.  (*See* 10-cv-02022-WYD-KMT,

Doc. No. 62.)  Plaintiff's motion fails in this case for the same reasons it failed in his sister case,

namely: the court finds no authority in 28 U.S.C. § 1915 to appoint and pay an expert to assist an

indigent litigant in the preparation of a civil suit for damages.  28 U.S.C. § 1915(d) provides in

part that "[w]itnesses shall attend as in other cases."  It does not authorize the government to pay

or advance the fees and expenses for witnesses.  The right of access to the courts does not extend

to provide witness fees for a witness the prisoner claims to be essential to his *in forma pauperis*

case.  *Johnson v. Hubbard*, 698 F.2d 286, 288-90 (6th Cir. 1983).  The court has no more

authority to appoint an expert witness at government expense for Plaintiff than it has to require

counsel to represent him.  As the court stated in *Boring v. Kozakiewicz*, in affirming the district

court's refusal to appoint an expert at government expense in a similar case:

> The plaintiffs' [former pretrial detainees] dilemma in being unable to proceed in
> this damage suit because of the inability to pay for expert witnesses does not
> differ from that of nonprisoner claimants who face similar problems. . . .  By
> seeking government funding in this case, plaintiffs are in effect asking for better
> treatment than their fellow-citizens who have not been incarcerated but who have
> at least equal claims for damages.

833 F.2d 468, 474 (3rd Cir. 1987); *see also Tabron v. Grace*, 6 F.3d 147, 159 (3rd Cir. 1993)

(concluding "that there is no statutory authority for a court to commit federal funds to pay for

deposition transcripts").

To the extent Plaintiff is seeking appointment of an expert under Fed. R. Evid. 706, a

court's authority to make such an appointment is discretionary.  *Cestnik v. Fed. Bureau of

Prisons*, No. 03-1124, 2003 WL 22969354, *2 (10th Cir. Dec. 18, 2003).  "The appointment of

an expert pursuant to Rule 706 is not intended to further partisan interests of any party, but to aid the Court, through the services of an impartial expert in its assessment of technical issues." *Byng v. Campbell*, No. 9:07-CV-471 (GLS)(DRH), 2008 WL 4662349, *7 (N.D.N.Y. Oct. 20, 2008). The court's review of the file in this matter indicates that appointment of an independent expert would not be a significant aid to the court.  Additionally, there is no hearing, pretrial matter, or trial scheduled for which expert testimony is necessary or required.

Accordingly, Plaintiff's "Motion for An [sic] Court Appointed Expert" (Doc. No. 13) is DENIED.

Dated this 8th day of June, 2011.

BY THE COURT:

Kathleen M. Tafoya
United States Magistrate Judge