IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 11–cv–00644–WYD–KMT


WYATT T. HANDY, JR.,

      Plaintiff,

v.

DR. COHEN, individual and official capacity,
ELAINE MEYER, individual and official capacity, and
DR. R. FISH, individual and official capacity,

      Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

**Magistrate Judge Kathleen M. Tafoya**

This matter is before the court on Plaintiff's failure to respond to the court's Order to

Show Cause. (Doc. No. 45, entered Oct. 12, 2011.) Plaintiff's Prisoner Complaint, filed March

15, 2011, asserts claims against Defendants Fish and Cohen. (*See* Doc. No. 1.) On June 8, 2011,

the court issued an Order Granting Service by United States Marshal. (Doc. No. 20.) The

United States Marshal, however, return a summons unexecuted as to Defendant Fish indicating

that Defendant Fish no longer resides at the address provided by Plaintiff and had moved to

Milwaukee, Wisconsin 2 years prior. (Doc. 28, filed July 11, 2011.) Similarly, the United States

Marshal returned a summons unexecuted as to Defendant Cohen indicating that Defendant

Cohen no longer resides at the address provided by Plaintiff and is no longer employed by

Correctional Healthcare Management.  (Doc. No. 29, filed July 11, 2011.)

Pursuant to Fed. R. Civ. P. 4(m),

[i]f a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

More than 120 days have passed since the Amended Prisoner Complaint was filed in this

matter and Defendants Fish and Cohen have yet to be served.  On October 12, 2011, this court

ordered Plaintiff to show cause in writing, on or before November 4, 2011, why the claims

against Defendants Fish and Cohen should not be dismissed without prejudice pursuant to Fed.

R. Civ. P. 4(m) for lack of service.  (Doc. No. 45.)  Plaintiff has not responded to the Order to

Show Cause to provide further information about Defendants Fish and Cohen.

Fed. R. Civ. P. 4(m) authorizes the court to dismiss a case against unserved defendants

unless the plaintiff can show good cause for his failure to serve.  Here, Plaintiff has failed to

provide good cause for his failure to timely serve Defendants Fish and Cohen.

WHEREFORE, for the foregoing reasons, the court respectfully

RECOMMENDS that the claims against Defendants Fish and Cohen be dismissed

without prejudice pursuant to Fed. R. Civ. P. 4(m) for lack of service.

### ADVISEMENT TO THE PARTIES

Within fourteen days after service of a copy of the Recommendation, any party may

serve and file written objections to the Magistrate Judge's proposed findings and

recommendations with the Clerk of the United States District Court for the District of Colorado.

28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *In re Griego*, 64 F.3d 580, 583 (10th Cir. 1995).  A

general objection that does not put the district court on notice of the basis for the objection will

not preserve the objection for *de novo* review.  "[A] party's objections to the magistrate judge's

report and recommendation must be both timely and specific to preserve an issue for de novo

review by the district court or for appellate review."  *United States v. One Parcel of Real Prop.*

*Known As 2121 East 30th Street, Tulsa, Okla.*, 73 F.3d 1057, 1060 (10th Cir. 1996).  Failure to

make timely objections may bar *de novo* review by the district judge of the magistrate judge's

proposed findings and recommendations and will result in a waiver of the right to appeal from a

judgment of the district court based on the proposed findings and recommendations of the

magistrate judge.  *See Vega v. Suthers*, 195 F.3d 573, 579-80 (10th Cir. 1999) (a district court's

decision to review a magistrate judge's recommendation *de novo* despite the lack of an objection

does not preclude application of the "firm waiver rule");  *One Parcel of Real Prop.*, 73 F.3d at

1059-60 (a party's objections to the magistrate judge's report and recommendation must be both

timely and specific to preserve an issue for *de novo* review by the district court or for appellate

review);  *Int'l Surplus Lines Ins. Co. v. Wyo. Coal Ref. Sys., Inc.*, 52 F.3d 901, 904 (10th Cir.

1995) (by failing to object to certain portions of the magistrate judge's order, cross-claimant had

waived its right to appeal those portions of the ruling); *Ayala v. United States*, 980 F.2d 1342,

1352 (10th Cir. 1992) (by their failure to file objections, plaintiffs waived their right to appeal

the magistrate judge's ruling); *but see, Morales-Fernandez v. INS*, 418 F.3d 1116, 1122 (10th

Cir. 2005) (firm waiver rule does not apply when the interests of justice require review).

Dated this 8th day of November, 2011.

BY THE COURT:

Kathleen M Tafoya
United States Magistrate Judge